NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BAYARDO RENO SANDY,

Plaintiff - Appellant,

v.

PARAMOUNT PICTURES
CORPORATION,

Defendant - Appellee.

No. 25-1287

D.C. No.
2:24-cv-04403-RGK-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 30, 2026[**]

Before: LEE, BUMATAY, and SANCHEZ, Circuit Judges.

Bayardo Reno Sandy filed a pro se action against Paramount Pictures under

the Copyright Act, 17 U.S.C. § 501, alleging that Paramount's movie *Infinite*

infringed the copyright of his novel, *The Link*. He now appeals the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal of his complaint without leave to amend,[1] and the denial of his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6) de novo. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021).

1.      Dismissal of the Copyright Act claim. The district court correctly dismissed Sandy's claim under the Copyright Act because he did not adequately plead access under any of the following theories: (1) widespread dissemination, (2) a chain of events, or (3) striking similarity between the works.

First, Sandy did not sufficiently allege that *The Link* was widely disseminated. Access can be proven by showing that the plaintiff's work has been widely disseminated, which involves considering its commercial success. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). Sandy alleges that his novel was widely disseminated because it is "accessible online as a 5-Star at Amazon.com for 15 years up to *Infinite's* public release in 2021" and was sold at Borders Bookstore. This is insufficient, because the mere posting of a work on the internet or the sale of an unknown number of copies at a bookstore does not show

---

[1] Sandy does not object to the district court's not granting him leave to amend after the first motion to dismiss. In any case, we determine no abuse of discretion in the district court's decision because his claims would be futile based on the allegations. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

more than a "bare possibility" that his work was accessed, which does not constitute "widespread dissemination." *Woodland v. Hill*, 136 F.4th 1199, 1209 (9th Cir. 2025), *cert. denied*, 146 S. Ct. 1774 (2026).

Second, Sandy failed to plausibly allege a chain of events showing access. For a plaintiff to establish access on a chain of events theory, he must show that there is a "reasonabl[e] possib[ility] that the paths of the infringer and the infringed work crossed." *Loomis v. Cornish*, 836 F.3d 991, 995–96 (9th Cir. 2016). Sandy alleges that he gave multiple copies of his book to Paramount staff when he worked on the set of a Cirque du Soleil production. As a threshold matter, it is unclear whether Paramount staff actually worked on that production. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) ("We are not required to accept as true . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). Even accepting it as true that there were some Paramount staff working on that production, those copies were delivered over ten years ago, and Sandy does not allege exactly how many copies were received, who they were given to, and whether there were copies received by Paramount staff that worked on *Infinite*. Sandy's allegations thus amount to "[b]are corporate receipt," which is not enough to plausibly allege access. *Loomis*, 836 F.3d at 995-96 (citations omitted).

Third and finally, Sandy's allegations do not show striking similarity

between the two works. A plaintiff may establish access by showing that the works at issue are strikingly similar, which means it is "virtually impossible that the two works could have been independently created." *Biani v. Showtime Networks, Inc.*, 153 F.4th 957, 962 (9th Cir. 2025). On a motion to dismiss, courts apply the objective "extrinsic test" to determine if similarity exists. *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994). The extrinsic test evaluates the "articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters and sequence of events." *Funky Films v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006).

*The Link* and *Infinite* do not meet the high bar of "strikingly similar," let alone substantially similar. In broad strokes, *Infinite* is about a man who is wrongly diagnosed with schizophrenia and then discovers that he is one of 500 "Infinites" who reincarnate, and he recovers memories from his past lives to ultimately save the world from destruction. *The Link*, on the other hand, is about an astrologer and novelist who reincarnates at various points throughout history, and who ultimately achieves his goal of finding the reincarnated Jesus Christ by using astrological predictions. The similarities that Sandy points to (such as reincarnation and good versus evil) are largely "general plot ideas" that are not protected by copyright law. *Kouf*, 16 F.3d at 1045 (alteration adopted). Sandy insists that the district court should have ignored the religious theme from his novel, because if it had, the

works would have appeared substantially similar. But the religious theme in *The Link* is its main, overarching theme, and Sandy does not cite to any precedent suggesting that works must be altered in order to properly compare them.

2. <u>Denial of the motion to reconsider</u>. It was not an abuse of discretion for the district court to deny Sandy's motion for reconsideration. To the extent that Sandy directly challenges the denial on appeal, he appears to re-litigate the merits of his claim, and the district court appropriately concluded that a motion for reconsideration is not an appropriate vehicle to challenge the merits of a claim. See *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

3. <u>Conflict of interest</u>. We construe Sandy's contentions about an alleged conflict of interest and corresponding bias as a motion under Rule 60(b) for relief from judgment based on 28 U.S.C § 455(a), which sets out the requirements for the disqualification of a judge.[2] *See Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 (1988). Relief under Rule 60(b) is reserved for "extraordinary circumstances." *Id*. at 864 (citation omitted). Section 455(a) asks "whether a

---

[2] Ordinarily, such an argument should be brought in a motion to disqualify before a dispositive decision is rendered, but Sandy contends he did not know about the alleged conflict of interest until after the court's order dismissing the case, so we consider it now as a motion under Federal Rule 60(b). Although "Section 455 does not, on its own, authorize the reopening of closed litigation," "Federal Rule[] of Civil Procedure 60(b) provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).

reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). The district judge's ownership of stock in Warner Brothers does not warrant relief from judgment. At the time of the proceedings, the proposed merger between Warner Brothers and Paramount was merely a possibility, and therefore would not impact the district judge's partiality. Thus, any alleged procedural defects cannot be attributed to bias and do not warrant relief from judgment. *See id.* at 913–14 (emphasizing that "[section] 455(a) is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial").

**AFFIRMED.**